STATE BAR OF MICHIGAN v. BROTHERHOOD
OF RAILROAD TRAINMEN.

1. INJUNCTION—ATTORNEY AND CLIENT—SELECTION OF COUNSEL BY LABOR ORGANIZATION.

Decree enjoining railway labor organization from channeling of liability claims of its members to its regional counsel is ordered reversed and remanded for proceedings not inconsistent with opinion of Supreme Court of the United States in a similar case in which like relief had been sought.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 42.
[2] 5 Am Jur 2d, Appeal and Error § 1009 et seq.

**2.** Costs—Attorney and Client—Selection of Counsel by Labor Organization.

No costs of either the circuit court or the Supreme Court are allowed in suit by State Bar to enjoin a railway labor organization from channeling liability claims of its members to its regional counsel, where. decree is reversed and remanded for proceedings not inconsistent with opinion of the Supreme Court of the United States deciding a case in which similar relief had been sought in another State.

Appeal from Jackson; Dalton (John C.), J. Submitted October 7, 1964. (Calendar No. 17, Docket No. 50,093.) Decided January 4, 1965.

Bill by the State Bar of Michigan, a public body corporate, against the Brotherhood of Railroad Trainmen, a national railway labor organization, and various individual members, agents and officers thereof, to enjoin channeling of liability claims of members to its regional counsel. Decree for plaintiff. Defendants appeal. Reversed and remanded.

*J. Cameron Hall* and *Phillip C. Kelly,* for plaintiff.

*Walter M. Nelson* (*Henslee & Henslee,* of counsel), for defendants.

Black, J. Plaintiff's bill was filed January 28, 1959, in the Jackson circuit. It was designed to obtain relief corresponding to that which was sought about the same time by the Virginia State Bar, against the same defendant Brotherhood, in the chancery court of Richmond, Virginia. For the history of the *Virginia Case,* and for understanding of its ultimately controlling effect here, we refer to *Brotherhood of Railroad Trainmen* v. *Virginia,*

;ex rel. Virginia State Bar, 377 US 1 (84 S Ct 1113, 12 L ed 2d 89), decided April 20, 1964.[1]   · ... ;

The Jackson county circuit court ruled in favor of the plaintiff State Bar, finding as applicable certain then unreversed and apparently controlling lower court decisions. The circuit court concluded:

"This same matter has been before the courts of the States of Illinois, Iowa, Oklahoma, Virginia, Nebraska, and Missouri. The majority of these States, in one form or another, have approved the decisions of the Illinois supreme court, Missouri being the only State to prohibit it, and the State of Virginia prohibiting recommendation of any particular counsel.[2]

"This court feels that the plaintiff is entitled to relief."

Decree below, entered under date of September 14, 1962, enjoined the defendants in much the same manner as was done by the chancery court of Richmond. The defendants having appealed from such decree, and it appearing that submission to the Supreme Court of the Virginia Case was then imminent, order entered here January 2, 1964, as follows:

"On reading and filing appellants' December 26th motion for continuance, and upon consideration of the summary appearing in 32 LW 3006 pertaining to like questions that are due for January argument in the case identified below;

"It is ordered that submission of this cause on appeal be and the same is hereby continued pending final determination, by the Supreme Court of the United States, of the case of Railroad Trainmen v. Virginia State Bar, Docket 34, certiorari granted [372 US 905 (83 S Ct 719, 9 L ed 2d 715)]. ·

---

1·Rehearing was denied June 1, 1964. 377 US 960 (84 S Ct 1625, 12 L ed 2d 505).—Reporter.

2 The· Virginia Case, to which the circuit court referred, was, of course, the decision which per foregoing citation was reviewed and ·.reversed· by the Supreme Court.

"It is further ordered that appellants' motion for certification of this cause, to the Supreme Court, be and the same is denied."

Now that the Supreme Court has decided the *Virginia Case*, we find no alternative other than that of reversal and remand, as in the *Virginia Case*, for proceedings in the Jackson circuit not inconsistent with the Supreme Court's said opinion. It is so ordered, with no award of costs as to either court.

Since a public question of moment is involved, we remand with permission for amendment of plaintiff's bill to seek, if it be so advised, relief not inconsistent with the Supreme Court's said opinion.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.