COMMONWEALTH of Kentucky, Appellant,

v.

Leroy HAYDEN and Johnson Bonding Company, Inc., Appellees.

COMMONWEALTH of Kentucky, Appellant,

v.

James C. JOHNSON and Johnson Bonding Company, Inc., Appellees.

Court of Appeals of Kentucky.

Nov. 3, 1972.

Ed W. Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellant.

E. W. Rivers, Paducah, for appellees.

John J. O'Hara, Covington, Leslie J. Whitmer, Frankfort, for Kentucky Bar Assn.

CULLEN, Commissioner.

James C. Johnson and his employer, Johnson Bonding Company, were indicted on three counts of accepting money for a bail bond in excess of the premium for the bond, in violation of KRS 304.34–080 (1)(e), and on three counts of suggesting to and advising a person for whom a bail bond was written that he employ a particular attorney to represent him, in violation of KRS 304.34–080(1)(g). Leroy Hayden and his employer, Johnson Bonding Company, were indicted on three counts of suggesting to and advising a person for whom a bail bond was written that he employ a particular attorney to represent him, in violation of KRS 304.34–080(1)(g). Each of the charged offenses was punishable, under KRS 304.99–030, by a fine of not more than $500 or imprisonment in the county jail for not more than six months, or both.

The circuit court dismissed the indictments and the Commonwealth has appealed under KRS 21.140(3) for a certification of the law.

The ground on which the circuit court dismissed the indictment as to the charges of suggesting or advising employment of

a particular attorney, in violation of KRS 304.34–080(1)(g), was that the statute is unconstitutional, being in "violation of both the First Amendment * * * and the Fourteenth Amendment of the Constitution of the United States and * * * of the Bill of Rights of the Commonwealth of Kentucky."

The ground on which the indictment was dismissed as to the charges of accepting money for a bail bond in excess of the premium was that the counts "were not based upon the complete records and do not constitute an offense as drafted, and * * * fail to set forth that the amounts alleged to have been received were not collateral security as allowed by". KRS 304.34–080(1)(e).

We shall consider first the question of constitutionality of the provision of KRS 304.34–080(1)(g) that no bail bondsman shall "Suggest or advise the employment of any particular attorney to represent the principal."

▮ As stated in Colten v. Commonwealth, Ky., 467 S.W.2d 374, aff. 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584, the government's "important or substantial governmental interest" which must exist as a basis for regulation under the police power in the area of First Amendment freedoms, is relative to the importance or substantiality of the particular purported exercise of one of those freedoms.

▮ The state government has an important and substantial interest in the regulation of the legal profession and the protection of the public from the evils of solicitation of business and referral agreements. Likewise the state has an important and substantial interest in the regulation of the bail-bond business, which has features making it peculiarly an appropriate subject for police-power regulations. See Jackson v. Beavers, 156 Ga. 71, 118 S. E. 751.

▮ There is no showing, however, of any important and substantial interest on the part of a bail bondsman in the suggesting or recommending of the employment of an attorney. Therefore, in the balance of interests, the government's interest is overwhelming, and justifies the regulation in question.

The trial court's reliance on N. A. A. C. P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405, is, we think, misplaced. The holding there simply was that the N. A. A. C. P. had such an important and substantial interest in the recommending and employing of counsel for Negroes as to outweigh the state's interest in regulating the legal profession, the interest of the N. A. A. C. P. being to associate for the advancement of beliefs and ideas, and their activity being a form of political expression. The Supreme Court expressly recognized, in *Button*, that a compelling state interest in the regulation of a subject within a state's constitutional power to regulate can justify limiting First Amendment freedoms. In *Button* the state's interest did not weigh enough in the balance. In the instant case it does.

For the same reason, this case is not controlled by the labor union cases: Brotherhood of Railroad Trainmen v. Virginia, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89; United Mine Workers of America v. Illinois State Bar Association, 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426; and State Bar of Michigan v. Brotherhood of Railroad Trainmen, 374 Mich. 152, 132 N.W.2d 78. Those cases held only that the unions had an important and substantial interest in the procuring of legal representation for their members, which outweighed the state's regulatory interest.

▮ We find nothing overbroad or vague in the statute in question. Its plain, narrow meaning is that a bail bondsman shall not suggest or advise, to the principal for whom he executes a bail bond, that the

principal employ a particular attorney to represent him in the criminal case in which the bail bond is executed.

It is our conclusion that the statute in question is valid.

■ We come now to the sufficiency of the indictments as relates to the charges of accepting money in excess of the premiums for the bail bonds. The statute, KRS 304.-34–080(1)(e), following its prohibition against accepting anything of value from the principal except the premium, sets forth two exceptions introduced by the words, "provided that." One of the exceptions is the acceptance of collateral security. The circuit court held the indictments insufficient for failure to "set forth that the amounts received were not collateral security as allowed by" the statute. In this holding the circuit court was in error, since under RCr 6.10 an indictment need not negative any exception, excuse or proviso contained in the statute creating or defining the offense charged.

■ The circuit court, in dismissing the indictment as to the excess-money charges, mentioned the fact that the defendants had filed, with their motions to dismiss, some documentary evidence that the amounts they were charged with having taken in excess of the premiums either constituted deposits of collateral or were received in independent business transactions not related to the bail bonds, and the court stated in its order of dismissal that the indictments "were not based upon the complete records." In considering this evidence the court in effect adopted a summary judgment theory. There is no authority for the use of summary judgment procedure in a criminal prosecution, and it is our opinion that the evidence could not properly be considered on the motions to dismiss.

The law is certified as set forth in this opinion.

All concur.