James C. **JOHNSON** and Johnson Bonding Company, Inc., Petitioners,

v.

**COMMONWEALTH** of Kentucky and the Honorable Brandon Price, McCracken Circuit Court Judge, Respondents.

Court of Appeals of Kentucky.

June 29, 1973.

before arraignment and issued process. The trial court then overruled motions to dismiss six counts of the indictment and sustained motions to dismiss as to six other counts of the indictment. Petitioners seek a writ of mandamus to compel the trial court to sustain petitioners' motion to quash the issuance and service of summons and to set aside the order overruling petitioners' motion to dismiss as to six counts of the indictment.

Petitioners argue that since the opinion certified the law and did not direct that the case be reversed or remanded for further proceedings, the trial court forever lost jurisdiction and the original order dismissing was final and ended the case.

■ We find petitioners' argument totally without merit. It is elementary that the issuance of the mandate reinvests the trial court with jurisdiction of the case.

"The opinion of the higher court on the question certified becomes the decision of the lower court on the question." 5 Am. Jur.2d, Appeal and Error § 1028, p. 453.

■ Here the indictment was dismissed before arraignment. The ruling of the trial court was found to be erroneous. There is no bar to an orderly disposition of the case on its merits.

The Commonwealth filed counter-petition for writ of mandamus to compel the trial court to set the remaining counts of the indictment for trial promptly. The record does not disclose a refusal of the trial court to set the indictment for trial.

Petition and counter-petition for writ of mandamus are denied.

E. W. Rivers, Melton & Rivers, Paducah, for petitioners.

Ed W. Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for respondents.

STEPHENSON, Justice.

Commonwealth v. Hayden and Johnson Bonding Company, Ky., 489 S.W.2d 513 (1972), upheld the constitutionality of the provision of the bail bond law that forbids a bail bondsman from recommending a particular attorney to his principal and made a further holding that the indictment was sufficient in charging a violation of the law pertaining to accepting more than the premium from the principal by the bail bondsman. The law was so certified by this court, and thereafter the trial court set aside the order dismissing the indictment

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.