**COMMONWEALTH of Kentucky, Appellant,**

v.

**Clarence A. YANCEY, Appellee.**

Supreme Court of Kentucky.

March 5, 1976.

Edwin A. Schroering, Jr., 30th Judicial Dist., Commonwealth's Atty., Louisville, Ed W. Hancock, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellant.

Neville M. Tucker, Louisville, for appellee.

JONES, Justice.

Clarence A. Yancey, Chief of Sanitation, City of Louisville, was indicted by the February 1975 term of the Jefferson County Grand Jury. He was charged with four counts of accepting bribes in 1973, and with one charge of accepting a bribe in 1974. The statute under which Mr. Yancey was indicted provides:

"Any member of the General Assembly or any other *executive,* judicial, *ministerial* or legislative *officer of this state or of any county or city,* including members of boards of education and subdistrict trustees, *who takes or agrees to take any bribe to do or omit to do any act in his official capacity* shall be fined not less than fifty dollars nor more than one thousand dollars, or confined in the penitentiary for not less than one nor more than five years, and shall forfeit his office and be disqualified from the right of suffrage for ten years." (Emphasis added). KRS 432.350(2) [1]

Yancey moved to dismiss the indictment because he was an employee and not an officer. That motion was sustained. The Commonwealth appeals pursuant to KRS 21.140(3). The position of the Commonwealth is that Yancey was an "officer" as defined by KRS 432.350(2).

The sole question presented in this controversy is whether the trial court was correct in dismissing the indictment against Yancey prior to the trial.

There is nothing in this record that will assist this court in arriving at a resolution of this issue except that Yancey filed a memorandum of authorities in support of his motion to dismiss. In that memorandum he referred to his title as Assistant Director of Sanitation. Then in a brief filed in this court, he filed an appendix outlining the duties of the director of sanitation. That appendix would indicate that Yancey was an officer. However, matters contained in the brief are not evidence but are in many respects, the conclusions of the attorney.

Each count of the indictment against Yancey alleges that Paul Lynch gave money to Clarence A. Yancey, a ministerial officer of the City of Louisville, with the intention of influencing his decision in support of claims made by the Lee's Lane Sanitary Landfill Company, against the City of Louisville. There is nothing in the record to indicate whether the trial court had a hearing on the motion to dismiss.

The Legislature has regulated governmental actions of the City of Louisville. These regulations are contained in Chapter 83, Kentucky Revised Statutes. A pertinent provision of the statute provides:

"(1) The director of each executive department may appoint chiefs of

1. This statute was amended in 1974 as to penalties.

divisions of his department, and remove them at pleasure. Except as otherwise provided by law, he may employ such officers and agents as are necessary in his department, and may, subject to any limitations imposed by ordinance, fix their compensation. Each director of an executive department may administer oaths." KRS 83.610.

Another provision pertinent to the issue to be resolved provides:

"(1) Unless otherwise provided by law, executive and ministerial officers of the city may be removed by the board of aldermen . . . ." KRS 83.660.

Yancey contends that the provisions of Chapter 83 are not applicable in this situation. He insists that his present position as Chief of Sanitation was not created pursuant to the present provisions. That argument is irrelevant. A review of the former provisions of Chapter 83, Kentucky Revised Statutes, reveals that the substance as it concerns subordinate officers contains identical language.

■ An officer is a person who holds an office either public or private. A ministerial officer is an officer who is neither a judicial officer nor an executive officer and whose duties are mainly of a ministerial nature. In the ordinary sense, ministerial duties involve little or no discretion. Certainly Mr. Yancey didn't wake up one morning and hear a still, small voice say, "Clarence A. Yancey, you are the Chief of Sanitation of the City of Louisville." Nor was Mr. Clarence A. Yancey annointed to the position of Chief of Sanitation of the City of Louisville by some act of Divine Providence. The authority for the title and the trust imposed was the governing authority of the City of Louisville.

Many years ago this court in dealing with the definition of the term "officer," used sound reasons when it said:

"There are various tests by which to determine who are officers, in the mean-

ing of the law . . . . To constitute an officer, it does not seem to be material whether his term be for a period fixed by law, or endure at the will of the creating power. But, if an individual be invested with some portion of the function of government, to be exercised for the benefit of the public, he is a public officer." *City of Louisville v. Wilson*, 99 Ky. 598, 36 S.W. 944 (1896).

The definition in *Wilson*, supra, has been repeatedly reaffirmed. See *Fox v. Lantrip*, 162 Ky. 178, 172 S.W. 133 (1915); *Shanks v. Howes*, 214 Ky. 613, 283 S.W. 966 (1926); *Bernard v. Humble*, 298 Ky. 74, 182 S.W.2d 24 (1944); and *Commonwealth v. Howard*, Ky., 379 S.W.2d 475 (1964).

■ The indictment here is sufficient on its face. It conforms in all respects to the requisites set out in RCr 6.10. It is the duty of the Commonwealth's Attorney to carry the burden of establishing not only the charges contained in the indictment, but also that Yancey was an officer within the meaning of KRS 432.350(2). Likewise, Yancey has the right to defend on his theory of the case.

The action of the trial court in summarily dismissing the indictment was premature.

This court is unable to dispose of the issue presented here upon such meager facts. It appears to this court that an Oklahoma court in a case with facts similar to those in this case resolved the issues very succinctly when it phrased a question:

"Does a person who holds himself out as an officer under color of authority, and who solicits and accepts a bribe, and endeavors to and does corrupt other persons, have a right to defend and be discharged upon the contention that, as a matter of law, he had no right to act as such officer, therefore the accepting of a bribe was not a violation of the statute?"

Answering its own query, the court stated:

". . . If he was officer enough to solicit and accept a bribe, he was also

officer enough to be sent to the penitentiary for so doing. Corruption and debauchery are not tolerated in civilized communities." *Ex parte Winters*, 10 Okl.Cr. 592, 140 P. 164 (1914).

The judgment is reversed with directions that the trial court reinstate on the Jefferson Criminal Court docket Indictment no. 153701(3) against Clarence A. Yancey for further proceedings consistent with this opinion.

REED, C. J., and CLAYTON, JONES, LUKOWSKY, STEPHENSON and STERNBERG, JJ., concur.

PALMORE, J., concurs in result only.