COMMONWEALTH of Kentucky,
Appellant

v.

Frank HAMILTON, Appellee.

No. 94–CA–1307–MR.

Court of Appeals of Kentucky.

Aug. 25, 1995.

Chris Gorman, Attorney General, Michael Harned, Assistant Attorney General, Frankfort, and Michael A. Stidham, Special Assistant Attorney General, Jackson, for appellant.

Charles K. Belhasen, Paintsville and Phaedra Spradlin, Lexington, for appellee.

Before HUDDLESTON, JOHNSON and WILHOIT, JJ.

*OPINION REVERSING AND REMANDING*

WILHOIT, Judge.

This is an appeal from the order of the Johnson Circuit Court dismissing the nineteen-count indictment charging the appellee with the crime of theft by unlawful taking in violation of KRS 514.030.

On May 6, 1994, the Johnson County Grand Jury issued an indictment charging the appellee with nineteen counts of theft under KRS 514.030. All nineteen counts charged the appellee with felony theft, though four allegedly occurred after the 1992 amendment of the statute. The indictment alleges that the appellee unlawfully issued checks transferring money belonging to the Johnson County Board of Education. The money was given to teachers in the county's school system to reimburse them for tuition and fees paid by them while attending classes at Morehead State University.

Each count reads substantially the same as the following:

The Grand Jury charges that on the dates specified below in Johnson County, Kentucky, the above-named defendant:

*COUNT I*

Unlawfully committed the offense of Theft by Unlawful Taking of property valued at over $100 when on September 26, 1990 he took and exercised control over monies belonging to the Johnson County Board of Education by issuing a check in the amount of $707.50 to Maurice Hall to reimburse him for college expenses, and with

the intent to deprive the Johnson County Board of Education of the same.

The only differences in each count are the amount of the check, the payee, the type of expenses, and the date.

The appellee filed a motion to dismiss on May 13, 1994, contending that the indictment failed to contain a chargeable offense. He argued that he did not have the authority to issue the checks in question; therefore, he could never exercise control over the Johnson County Board of Education's money as alleged in the indictment. *See* KRS 160.560(3) and (4). Furthermore, the appellee produced a variety of documents that proved the impossibility of the charge. These included: Johnson County Board of Education meeting minutes purporting to authorize the various expenditures; affidavits from two former Board treasurers swearing that they never issued checks unless the funds were authorized; and a letter from the Board asking that the charges be dropped. None of these documents had been presented to the grand jury for its consideration.

On May 20, 1994, a hearing was held on the motion to dismiss. The appellee reiterated his argument that it was legally and theoretically impossible for him to be guilty of this particular crime. The appellant espoused the position that a motion to dismiss was premature, and the proper procedure would be to move for a directed verdict at the close of the Commonwealth's case. An order dismissing the indictment was entered on May 24, 1994. The trial court acknowledged that the critical issue concerned the appellee's control over the funds. In dismissing the indictment, the court concluded as follows:

> The weight of the evidence reveals that Defendant did not exercise control over the funds in question, and therefore the indictments against him fail to charge an offense.

As authority, the trial court cited to RCr 8.18 and *Stark v. Commonwealth,* Ky., 828 S.W.2d 603 (1991). This appeal followed.

The appellant maintains that the issue of control is a matter of proof to be presented at trial, citing RCr 5.10, which provides that no indictment shall be quashed or judgment of conviction reversed on the ground that there was not enough evidence before the grand jury to support the indictment.

The appellant claims that the matter should have gone to trial, at which the appellee could move for a directed verdict. In response, the appellee contends that KRS 160.560, which gives sole authority over local school board funds to the local treasurer, makes it impossible for him to have exercised control over the funds.

■■■ The law in Kentucky concerning the dismissal of indictments is clear. The rule is that

> [t]here is no authority for the use of summary judgment procedure in a criminal prosecution, and it is our opinion that the evidence could not properly be considered on the motions to dismiss.

*Commonwealth v. Hayden,* Ky., 489 S.W.2d 513, 516 (1972). If the indictment is valid on its face and conforms to the requirements of RCr 6.10, the Commonwealth is given the burden of proving all the elements of the crime. This would include the "control" element required by KRS 514.030. It is premature for the trial court to weigh the evidence prior to trial to determine if the Commonwealth can or will meet that burden. *See Commonwealth v. Yancey,* Ky., 534 S.W.2d 252 (1976).

■ In the case at hand, the appellee cites KRS 160.560 as precluding his exercise of control over the funds in question. KRS 160.560 merely establishes a procedure which may or may not have been violated in this case. All other factual evidence submitted by the appellee should have been disregarded by the trial court at this stage of the proceedings. Though the evidence seems to be overwhelming in favor of the appellee, the court had no authority to weigh that evidence in the manner it did. *Id.*

Furthermore, this case is distinguishable from *Stark v. Commonwealth, supra.* In *Stark,* the indictment alleged a crime that could not be perpetrated against the particular victims identified in the indictment, i.e., robbery in the first degree cannot be committed against a shop or store, it must be

committed against a person. On the other hand, the appellee could have factually committed the crime of theft by unlawful taking by exercising control over the School Board's money. For example, if the appellant could prove that the appellee and treasurer were in league, or that the appellee somehow manipulated the treasurer, "control" could be proven.

Review of the indictment shows that it charges an offense to which, theoretically, the appellee could be found guilty. Apparently, the prosecutor believes that there is evidence to support a conviction. We assume that the prosecutor is well aware of his status as a representative, not merely of an ordinary party to a controversy, but of all of the people of this Commonwealth, and of his high ethical "duty to protect the innocent just as much as ... prosecute the guilty."

*Goff v. Commonwealth,* 241 Ky. 428, 44 S.W.2d 306, 308 (1931). As in any criminal prosecution, the interest of the people of this Commonwealth is that justice be done and certainly not that any citizen be unjustly brought to trial, let alone convicted.

The judgment of the Johnson Circuit Court is reversed and remanded with directions to reinstate the indictment.

All concur.