RENDERED: SEPTEMBER 2, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-0948-MR

BRYAN N. MCCUE                                                                    APPELLANT

v.

APPEAL FROM HART CIRCUIT COURT
HONORABLE PHILLIP PATTON, JUDGE
ACTION NO. 20-CR-00162

COMMONWEALTH OF KENTUCKY                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

ACREE, JUDGE: Bryan N. McCue, Appellant, appeals the Hart Circuit Court's

April 13, 2021 findings of fact, conclusions of law, and order denying his motion

to dismiss. We affirm.

On July 28, 2020, police were called to a truck stop in Horse Cave,

Kentucky. The caller reported a possible shoplifter concealing stolen items in a

black duffel bag. The caller also described the potential thief's truck – a maroon Ford F-150 – and relayed the truck's license plate number.

Sergeant Murphy arrived and found a truck matching the description. A black duffel bag was in the truck bed. Appellant sat in the driver's seat and a woman sat in the passenger's seat. The truck was parked but the engine was running. Appellant's eyes were glassy, his pupils were constricted, and he avoided eye contact. Appellant repeatedly reached toward the floorboard, alarming Sergeant Murphy and prompting him to ask Appellant to step out of the truck.

Appellant refused to exit the truck, and Sergeant Murphy and a second police officer attempted to remove him. As they did, Appellant tried to strike Sergeant Murphy with his elbow, but missed. The officers placed him under arrest and searched him. They found marijuana and gabapentin pills in his pockets.

A grand jury indicted Appellant on the following charges: driving under the influence, second offense; resisting arrest; possession of marijuana; first-degree possession of a controlled substance, first offense; second-degree disorderly conduct; third-degree assault; and failure to produce insurance card.

Following his indictment but before trial, Appellant filed a motion to dismiss his charges for lack of probable cause pursuant to *Wells v. Commonwealth*, 709 S.W.2d 847 (Ky. App. 1986). Appellant requested a hearing on the motion. The Commonwealth repeatedly asserted the motion was improper, but Appellant's

counsel claimed this was a standard motion for a "*Wells* hearing" and that she frequently filed such motions in cases in district court.

The trial court entertained the motion and conducted a hearing on March 16, 2021. After applying what has become known as the "*Wells* factors," the trial court denied the motion, concluding the Commonwealth presented sufficient evidence to establish probable cause as to Appellant's operation of the truck. Nowhere in its order does the trial court question whether Appellant's motion or the hearing to decide it were proper.

Appellant entered a conditional guilty plea to driving under the influence, resisting arrest, and being in possession of marijuana. He reserved his right to appeal the denial of his motion to dismiss, and now does so, arguing *Wells* supports dismissal of the indictment for lack of probable cause. Appellant's brief implicitly presumes but does not address the procedural propriety of his motion.

We agree with the trial court that Appellant was not entitled to dismissal of his indictments, but this is where our agreement ends. For purposes of appellate review, that is enough to affirm the conviction.

However, the motion the trial court entertained and the proceeding to decide it are plainly at odds with both the Kentucky Rules of Criminal Procedure and Kentucky jurisprudence. For this reason, we do not reach the substantive arguments in Appellant's brief. We affirm on a different ground, procedural in

nature, making Appellant's other arguments moot. *Wells v. Commonwealth*, 512 S.W.3d 720, 721-22 (Ky. 2017) ("Even if a lower court reaches its judgment for the wrong reason, we may affirm a correct result upon any ground supported by the record.").

The Commonwealth argues the trial court lacks authority to dismiss an indictment prior to trial without the prosecutor's consent. As far as it goes, that is a correct statement of the law.

Our criminal rules provide that "[t]he attorney for the Commonwealth, with the permission of the court, may dismiss the indictment, information, complaint or uniform citation prior to the swearing of the jury or, in a non-jury case, prior to the swearing of the first witness." RCr[1] 9.64. Our Supreme Court interprets that rule this way: "[T]he authority to dismiss a criminal complaint before trial may only be exercised by the Commonwealth, and the trial court may only dismiss via a directed verdict following a trial." *Commonwealth v. Isham*, 98 S.W.3d 59, 62 (Ky. 2003). Thus, in *Isham*, the Supreme Court held that "[o]nly the Commonwealth had the ability, with the permission of the trial court, to dismiss the complaint against Isham." *Id.*

A subsequent Supreme Court opinion fleshes out this rule a little more. In *Commonwealth v. Bishop*, the Court "note[d] the strictures imposed by

---

[1] Kentucky Rules of Criminal Procedure.

Kentucky law on trial judges who are asked to summarily dismiss criminal indictments." 245 S.W.3d 733, 735 (Ky. 2008). "This Court has consistently held that a trial judge has no authority to weigh the sufficiency of the evidence prior to trial or to summarily dismiss indictments in criminal cases." *Id.* (citing *Commonwealth v. Hayden*, 489 S.W.2d 513, 516 (Ky. 1972); *Flynt v. Commonwealth*, 105 S.W.3d 415, 425 (Ky. 2003); *Barth v. Commonwealth*, 80 S.W.3d 390, 404 (Ky. 2001)). The weighing of evidence is what *Bishop* says the trial court lacks authority to do.

But *Bishop* also says there are justifications for dismissing a case at the pre-trial stage that do not require the trial court to weigh evidence. These justifications are based in the supervisory powers of every court. "[T]here are certain implied powers . . . vested in the court to manage its own affairs so as to achieve the orderly and expeditious, accurate and truthful disposition of causes and cases. . . . All such authority must be exercised with great caution even though it is necessarily incidental to the function of all courts." *Potter v. Eli Lilly & Co.*, 926 S.W.2d 449, 453-54 (Ky. 1996), *abrogated on other grounds by Hoskins v. Maricle*, 150 S.W.3d 1 (Ky. 2004) (citations omitted). *Bishop*'s non-exclusive list of circumstances that demand the exercise of supervisory powers include the unconstitutionality of the criminal statute, prosecutorial misconduct that prejudices the defendant, a defect in the grand jury proceeding, an insufficiency on the face of

the indictment, or a lack of jurisdiction by the court itself. *Bishop*, 245 S.W.3d at 735 (citations omitted). None of these circumstances is present in this case.

The line of demarcation between judicial authority to dismiss some cases and not others is drawn by the separation of powers doctrine. "No person or collection of persons, being of one of those departments [legislative, executive, and judicial], shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted." KY. CONST. § 28. Legislation grants to prosecutors the power to prosecute criminal cases in their capacity as officers of the executive branch. KRS[2] 15.725(1), (2). Our jurisprudence recognizes that "the prosecution of crime is an executive function[.]" *Flynt*, 105 S.W.3d at 424. *See also Gipson v. Commonwealth*, 133 Ky. 398, 404, 118 S.W. 334, 336 (1909) (prosecutors have the "right to ask . . . a verdict of guilty . . . [for the] citizens of the [C]ommonwealth . . . interested in having the law enforced by the punishment of the guilty"). And, "because prosecutors have the sole discretion whether to engage in plea bargaining with a defendant, th[e Kentucky Supreme C]ourt and its predecessor have held that, unless the Commonwealth consents, courts cannot: (1) accept pleas of guilty and unilaterally limit the sentences which may be imposed; (2) amend a charge prior to the presentation of evidence; or (3) dismiss a valid indictment . . . ." *Flynt*, 105

---

[2] Kentucky Revised Statutes.

S.W.3d at 425 (citing *Commonwealth v. Corey*, 826 S.W.2d 319, 321 (Ky. 1992); *Allen v. Walter*, 534 S.W.2d 453, 455 (Ky. 1976); *Commonwealth v. Cundiff*, 149 Ky. 37, 147 S.W. 767, 768 (1912) (some citations omitted)).

In effect, Appellant's motion to dismiss was a motion for summary judgment, "and the rule in Kentucky has long been that summary judgment does not exist in criminal cases." *Barth*, 80 S.W.3d at 404 (citing *Hayden*, 489 S.W.2d at 516; *Commonwealth v. Hamilton*, 905 S.W.2d 83, 84 (Ky. App. 1995)). "The Commonwealth is entitled to present its evidence to a jury before a trial court can dismiss a charge by directed verdict of acquittal." *Id*.

The record unequivocally shows the Commonwealth never consented to dismissal of Appellant's indictment. It repeatedly objected to Appellant's motion and questioned whether it was even proper. The trial court, too, was skeptical, correctly believing it lacked authority to dismiss criminal charges prior to a directed verdict motion. Despite this doubt, the court heard Appellant's motion to dismiss and denied it.

Such a pre-trial motion as Appellant brought improperly asks the trial court to weigh evidence. Whether entertaining the motion is just a waste of judicial resources or, as *Bishop* suggests, if weighing the evidence is error in and of itself, does not matter. If it be error, it is harmless error. However, there was no error in *denying* the motion, contrary to Appellant's argument.

-7-

Notwithstanding any prior success averred by Appellant's counsel, *Wells* does not provide the vehicle for doing what has been repeatedly prohibited. Because Appellant's counsel suggests the so-called "*Wells* hearings" are not uncommon, we deem it necessary to put *Wells v. Commonwealth*, 709 S.W.2d 847, in its proper jurisprudential context.[3]

Contrary to Appellant's suggestion, there is no such thing as a "*Wells* hearing" – there wasn't even a "*Wells* hearing" in *Wells*. Appellant's counsel may have succeeded in convincing some trial courts such a thing exists, but only by bastardizing the opinion's holding. It is more than noteworthy that the defendant in *Wells* "was tried before the Fayette District Court sitting without a jury." *Wells*, 709 S.W.2d at 848. He was convicted of operating a motor vehicle while under the influence of alcohol in violation of KRS 189A.010(1). On appeal, the Fayette Circuit Court affirmed. *Wells*, 709 S.W.2d at 848. This Court granted discretionary review to consider the appellant's argument that the evidence presented at trial was insufficient to carry the Commonwealth's burden of proving

---

[3] A trial court's consideration of a pre-trial motion for summary disposition need not be prompted by a defendant's motion for a so-called "*Wells* hearing." In *Commonwealth v. Fillhardt*, No. 2020-CA-1563-DG, __ S.W.3d __ (Ky. App. Sep. 2, 2022) (rendered with the instant case), the Campbell District Court heard the appellee's motion to dismiss and subsequently granted the motion when the defendant and Commonwealth agreed the district court could hear the evidence and advise the parties whether the evidence could survive a directed verdict motion. However, nothing indicates the Commonwealth agreed to dismissal before trial based on the hearing.

the requisite conduct – Wells' operation of a motor vehicle in violation of KRS 189A.010(1). *Wells*, 709 S.W.2d at 848.

The posture of the case – appeal of a judgment of conviction after trial – tells us *Wells* was not a review of a summary disposition, but dismissal after trial. Had Wells' case been tried to a jury, the question would have been whether a directed verdict should have been granted. Because it was tried before the court without a jury, a directed verdict motion would have been improper. *Morrison v. Trailmobile Trailers, Inc.*, 526 S.W.2d 822, 823-24 (Ky. 1975) (holding that a directed verdict is improper in a bench trial). *See also Brown v. Shelton*, 156 S.W.3d 319, 320 (Ky. App. 2004) ("[A] directed verdict is clearly improper in an action tried by the court without a jury.").

Therefore, appellate review addressed whether the evidence the Commonwealth presented to the factfinder – the trial court – was sufficient to sustain the conviction as a matter of law. The circuit court concluded it was. This Court reversed, holding that "the Commonwealth presented *insufficient evidence* of operation by the appellant to sustain a conviction under KRS 189A.010(1)." *Wells*, 709 S.W.2d at 850 (emphasis added).

Wells did not bring his appeal from the sort of pre-trial motion to dismiss that has apparently become acceptable in some courts and known at least to Appellant's counsel as a "*Wells* hearing." *Wells* cannot be shoehorned into a

pre-trial summary disposition motion contrary to *Isham* and its progeny. But there is more that must be noted about the attempt to do so.

Appellant's reference to the "*Wells* factors" insinuates there is a finite set of factors to consider. To the contrary:

> This Court did not state that the *Wells* . . . factors were exclusive for determining probable cause when there is a question of whether the defendant was driving, but cited factors observed in prior cases involving this question. Probable cause is "a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232, 103 S. Ct. 2317, 76 L. Ed. 2d 527, *reh. den.* 463 U.S. 1237, 104 S. Ct. 33, 77 L. Ed. 2d 1453 (1983).

*White v. Commonwealth*, 132 S.W.3d 877, 883 (Ky. App. 2003). Furthermore, after the decision in *Wells*, the legislature amended KRS 189A.010(1), expanding the circumstances under which a person will violate the statute. Ky. Laws 1st Ex. Sess. ch. 15 § 2 (H.B. 11) (eff. Jul. 1, 1991). Since 1991, the offense is not limited to *operating* a motor vehicle – which *Wells* addressed – but now includes "be[ing] in physical control of a motor vehicle" while intoxicated. KRS 189A.010(1).

Summary dismissal before trial without the Commonwealth's consent based on a lack of probable cause was never an option. Because the trial court was correct in denying the motion, we affirm the Hart Circuit Court's April 13, 2021 findings of fact, conclusions of law, and order, and the conviction in this case.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky