**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Jeffrey A. ISHAM, Appellee.**

**No. 2001–SC–0692–DG.**

Supreme Court of Kentucky.

Feb. 20, 2003.

A.B. Chandler, III, Attorney General, Frankfort, Judith E. Lewter, Assistant Fayette County Attorney, Lexington, Counsel for Appellant.

Robert L. Abell, Lexington, Counsel for Appellee.

Opinion of the Court by Justice STUMBO.

The Commonwealth, the appellant herein, appeals an opinion of the Court of Appeals which reinstated an order of the Fayette District Court dismissing a criminal complaint for terroristic threatening filed against Jeffrey A. Isham, the appellee. We reverse.

ABF Freight Systems ("ABF Freight") employed Isham as a truck driver. On January 8, 1999, Isham placed a telephone call to work and told his supervisor, Mike Shepherd, that he would not be able to arrive at work because of hazardous weather and road conditions. Shepherd informed Isham that the highway conditions were improving, and that he expected Isham to report to work later that same day. Isham took exception with Shepherd's response, and an argument developed as a result. During this verbal altercation, and according to Shepherd, Isham stated that if he was reprimanded for missing work that day, then he would "have his lawyers sue us and he would fire on everyone here." Isham reportedly uttered a similar statement to Sam Adkins, Isham's union steward, who stated that Isham told him that "if he [Isham] were to receive a warning letter for missing work that he would have his lawyer come here to work and fire on [everyone] who works here."

Following the above-described incident, Isham's employment with ABF Freight was terminated. Additionally, Sheryl Kingston, the branch manager of ABF

Freight's Lexington office, filed a criminal complaint for terroristic threatening against Isham. Kingston alleged that Isham told both Shepherd and Adkins that he intended to "fire on all of you," referring to all employees of ABF Freight.

In Fayette District Court, Isham filed a motion for a bill of particulars. Accordingly, the Commonwealth produced the full statements made by Shepherd and Adkins, which served as the basis for the criminal complaint filed against Isham. Isham then filed a motion to dismiss. The district court sustained Isham's motion and dismissed the complaint with prejudice. The district court further found that Isham "expressed, albeit in a colloquial fashion, a threat to hire a lawyer and take legal action against his employer, ABF Freight." The same court then determined that this was nothing more than a threat to retain an attorney and commence legal action, and as a matter of law, did not constitute terroristic threatening.

The Commonwealth subsequently appealed to the Fayette Circuit Court, which reversed and reinstated the charge against Isham. Isham then sought discretionary review in the Court of Appeals, which was granted. The Court of Appeals reversed holding that "a trial court has the authority to determine whether a criminal complaint properly charges an offense." Also, like the district court, the Court of Appeals determined Isham's alleged statements, as a matter of law, could not constitute the offense of terroristic threatening. As such, it was concluded that the district court properly dismissed the complaint against Isham. The Commonwealth moved for discretionary review before this Court. This appeal follows.

■ In its opinion below, the Court of Appeals, citing Rule of Criminal Procedure (RCr) 3.13, concluded that "[w]here, as in this case, further discovery reveals the criminal complaint did not accurately state the essential facts of the case, the trial court may amend the complaint to conform to the evidence." The Commonwealth argues that this conclusion was erroneous. We agree.

■ RCr 3.13 provides:

If before or during the preliminary hearing of any person arrested pursuant to a warrant, or appearing in response to a summons or citation, it appears that the complaint does not properly name or describe the defendant, or the offense with which the defendant is charged, or that although not guilty of the offense specified in the complaint, there is probable cause to believe that the defendant is guilty of some other offense, the judge shall not discharge or dismiss the defendant but shall permit the attorney for the Commonwealth to amend the complaint if substantial rights of the defendant are not prejudiced.

RCr 3.13 was designed to allow the Commonwealth to remedy a defective complaint. While the trial judge must grant the Commonwealth permission to amend a criminal complaint, nothing contained in RCr 3.13 grants the trial judge the ability or authority to dismiss or amend a complaint on his or her own initiative. This is quite manifest considering the rule specifically provides that "the judge *shall not* discharge or dismiss the defendant but *shall permit* the attorney for the Commonwealth to amend the complaint." (Emphasis added).

■ Pursuant to RCr 8.18, lack of jurisdiction or the failure to charge an offense in a criminal complaint may be recognized at any point during the proceedings. Here the Court of Appeals agreed with the district court and found that the complaint against Isham failed to charge the offense of terroristic threatening because Isham's

entire statement could not constitute the crime. This was error. Here the criminal complaint was valid on its face. The Commonwealth carries the burden of proving all the elements of the crime charged against Isham. KRS 500.070. Whether or not the statement Isham allegedly made constitutes the offense of terroristic threatening is an issue this Court could discuss and analyze in length. However, it would not be appropriate to undertake such action at present. The proper time to determine whether Isham's alleged statements constitute terroristic threatening is only after a trial on the merits has been held. "It is premature for the trial court to weigh the evidence prior to trial to determine if the Commonwealth can or will meet [its] burden." *Commonwealth v. Hamilton*, Ky.App., 905 S.W.2d 83, 84 (1995). Here the district judge acted prematurely in dismissing the complaint. As such, the Court of Appeals committed error by reinstating the district court's order of dismissal. We reiterate the purpose of RCr 3.13 is to provide the Commonwealth a mechanism to remedy a defective complaint.

The Commonwealth also contends that the Court of Appeals erred by concluding that the district court had the authority to dismiss the criminal complaint against Isham. It is argued that the authority to dismiss a criminal complaint before trial may only be exercised by the Commonwealth, and the trial court may only dismiss via a directed verdict following a trial. We agree.

RCr 9.64 provides that "[t]he attorney for the Commonwealth, with the permission of the court, may dismiss the indictment, information, complaint or uniform citation prior to the swearing of the jury or, in a non-jury case, prior to the swearing of the first witness." In *Commonwealth v. Hicks*, Ky., 869 S.W.2d 35 (1994),

we held that it was not the province of a trial judge to evaluate evidence in advance in order to decide whether a trial should be held. *Id.* at 37. It was further held that the proper time for such an evaluation is upon motion for a directed verdict. *Id.*

Only the Commonwealth had the ability, with the permission of the trial court, to dismiss the complaint against Isham. However, the Commonwealth never sought a dismissal of the complaint. The district court simply lacked the authority to dismiss the complaint prior to trial. Consequently, such dismissal was an abuse of discretion on the part of the district judge.

For the reasons aforesaid, we reverse the judgment of the Court of Appeals, reinstate the judgment of the Fayette Circuit Court, and remand this case to the Fayette District Court for further proceedings in accordance with this opinion.

All concur.