COMMONWEALTH of Kentucky, Appellant,

v.

Daniel GROVES, Appellee.

Daniel Groves, Appellant

v.

Commonwealth of Kentucky, Appellee.

Nos. 2005–CA–002573–MR, 2005–CA–002608–MR.

Court of Appeals of Kentucky.

Nov. 22, 2006.

---

Gregory D. Stumbo, Attorney General of Kentucky, Samuel J. Floyd, Jr., Assistant Attorney General, Frankfort, KY, for appellant/appellee, Commonwealth Of Kentucky.

Paul Harnice, Frankfort, KY, for appellee/appellant, Daniel Groves.

Before GUIDUGLI and HENRY, Judges; BUCKINGHAM,[1] Senior Judge.

---

*OPINION*

GUIDUGLI, Judge.

These cases arise from the Franklin Circuit Court's *sua sponte* dismissal of a two-count misdemeanor indictment against Daniel Groves on the basis of the pardon issued by Governor Fletcher in Executive Order 2005–924, as well as the circuit court's denial of Groves' motion to quash the indictment. The Franklin County Special Grand Jury, summoned by the Attorney General to investigate criminal violations of Kentucky's merit system hiring scheme, returned the indictment against Groves. The Commonwealth raises three issues in its appeal, contesting the validity of Governor Fletcher's pardon, asserting that Groves did not accept the pardon and accordingly could not benefit from it, and arguing that the circuit court did not have jurisdiction over the misdemeanor indictment. In his separate appeal, Groves asserts that the circuit court should have quashed the indictment. While we disagree with two of the Commonwealth's arguments in light of the Supreme Court of Kentucky's recent decision of *Fletcher v. Graham*,[2] we agree that the circuit court did not have jurisdiction to dismiss the indictment. Accordingly, we vacate the circuit court's order and remand.

By way of background, we shall rely upon the Supreme Court's brief description of the investigation in *Fletcher v. Graham:*[3]

The investigation began in May 2005, when an employee of the Kentucky Transportation Cabinet contacted the Attorney General and presented evidence of alleged criminal violations of

**1.** Senior Judge David C. Buckingham, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

**2.** 192 S.W.3d 350 (Ky.2006).

**3.** *Id.* at 355.

the state merit employee hiring system.[ ] On May 25, 2005, upon motion of the Attorney General, the Franklin Circuit Court summoned a special grand jury. For several months, the grand jury proceeded to investigate the matter and eventually issued several indictments against executive branch employees alleging both misdemeanor violations of the merit system laws and felony violations concerning evidence and witness tampering. Some three months into the investigation, on August 29, 2005, Governor Fletcher issued Executive Order 2005–924, whereby he sought to pardon nine individuals indicted by the grand jury[ 4] as well as "any and all persons who have committed, or may be accused of committing, any offense up to and including the date hereof, relating in any way to the current merit system investigation."[ ]

The grand jury continued its investigation after the pardon had been entered and issued more indictments for pardoned offenses. One such person indicted was Daniel Groves.

Groves was indicted by the special grand jury on September 30, 2005, on three misdemeanor counts of criminal conspiracy to violate the prohibition against political discrimination.[5] In particular, Count 1 charged:

On or between August 2004 through October 1, 2004, in Franklin County, Kentucky, the above-named defendant, Daniel Groves, having the intention of *promoting or facilitating the commission* of a violation of KRS 18A.140(1), agreed with Richard Murgatroyd, Vincent Fields, Sam Beverage, and other un-known and unindicted person(s), that at least one (1) of them would engage in conduct constituting a violation of KRS 18A.140(1) by appointing Billy Montgomery to the position of Highway District Administrative Manager for the Kentucky Department of Transportation, District 10, based on his political affiliation or opinion.

Count 2 charged:

On or between August 2004 through October 1, 2004, in Franklin County, Kentucky, the above-named defendant, Daniel Groves, having the intention of promoting or facilitating the commission of a violation of KRS 18A.140(1), agreed with Richard Murgatroyd, Vincent Fields, Sam Beverage, and other un-known and unindicted person(s), that at least one (1) of them would engage in conduct constituting a violation of KRS 18A.140(1) by appointing James Maggard to the position of Administrative Section Supervisor for the Kentucky Department of Transportation, District 10, based on his political affiliation or opin-ion.

And Court 3 charged:

Beginning on or about November 2004, in Franklin County, Kentucky, the above-named defendant, Daniel Groves, having the intention of promoting or fa-cilitating the commission of a violation of KRS 18A.140(1), agreed with Bob Wil-son and other unknown and unindicted person(s) that at least one (1) of them would engage in conduct constituting a violation of KRS 18A.140(1) by develop-ing the Governor's Personnel Initiative which was designed, among other things, [to] appoint, promote, demote,

---

4. The nine individuals listed by name in the pardon are James L. Adams, Darrell D. Brock, Jr., Danny G. Druen, Tim Hazlette, Charles W. Nighbert, Cory W. Meadows, Richard L. Murgatroyd, Basil W. Turbyfill, and Robert W. Wilson, Jr.

5. KRS 506.040, KRS 18A.140(1), and KRS 18A.990.

transfer and dismiss state merit employees, based upon their political affiliation.

Less than one week after the indictment was returned, Groves moved the circuit court to quash the indictment and strike it from the record, arguing that Executive Order 2005–924 not only pardoned those who were indicted, but provided a blanket amnesty. However, the circuit court entered a *sua sponte* order dismissing the indictment against Groves on November 16, 2005, on the basis of the pardon, which included "any and all persons who ... may be accused of committing, any offense up to and including the date hereof, relating in any way to the current merit system investigation[,] ... including ... any violation of KRS Chapter 18A[.]"[6] In the same order, the Commonwealth denied Groves' motion to quash, reasoning that the grand jury is empowered to return indictments. Separate appeals by the Commonwealth and Groves followed.

The Commonwealth raises three issues in its appeal from the dismissal of the indictment, contesting the validity of the pardon, Groves' acceptance of the pardon, and the subject-matter jurisdiction of the circuit court to dismiss the misdemeanor indictments. In his separate appeal from the portion of the order denying his motion to quash, Groves continues to assert that the indictment should have been quashed based upon the pardon, because the special grand jury had no authority to return an indictment against him. Because the issues raised in both appeals relate solely to questions of law, we shall review the circuit court's ruling *de novo*.

**6.** The pardon specifically listed a violation KRS 18A.140 as an offense included within its reach.

**7.** *Fletcher v. Graham* was rendered after the Commonwealth filed its initial brief in the present appeal.

## 1. VALIDITY OF THE PARDON

The bulk of the Commonwealth's brief addresses the applicability of Executive Order 2005–924 to future indictments of individuals not named in the pardon. However, the Commonwealth conceded in its reply brief that the Supreme Court decided this issue in *Fletcher v. Graham.*[7] The Supreme Court held that Section 77 permits the issuance of blanket pardons, as "[n]othing in the language of Section 77 infers that general pardons are prohibited, nor is there any indication that a governor may not pardon a class of persons."[8] Likewise, the Supreme Court held that the governor could issue pardons prior to formal indictments for the pardoned offenses: "[T]here is no language whatsoever in Section 77 identifying a particular stage in the criminal proceedings after which a pardon is permissible."[9]

## 2. ACCEPTANCE OF PARDON

Next, the Commonwealth argues that the dismissal order is invalid because Groves never formally accepted the pardon granted by the Executive Order, while Groves asserts that the only requirement is that the defendant must bring the existence of the pardon to the attention of the trial court to obtain its benefit and that there is no indication that any person within its reach has rejected it. As with the first issue, the Supreme Court addressed this argument in *Fletcher v. Graham.*

The Supreme Court, in addressing the acceptance requirement, held that a formal acceptance is not required:

**8.** *Id.* at 358.

**9.** *Id.* at 359.

Upon thorough review of these [foreign] cases, we agree that acceptance of a pardon need not be formal, but may be inferred by the circumstances. This position embodies the notion that a pardon may be rejected, but also the common-sense assumption that such rejection will be the rare exception. Where the circumstances of the case evidence the clear intent of the governor to issue the pardon, and there is no evidence or circumstances from which to infer that it was rejected, acceptance must be assumed.[10]

In deciding that acceptance of the pardon was assumed, the Supreme Court held that "there is no indication that any person within its ambit has rejected the pardon."[11]

In the present case, the Commonwealth argues that under the *Fletcher v. Graham* analysis, this matter must be remanded to allow it an opportunity to demonstrate, and the lower court to determine, if there is any evidence to infer that Groves rejected the pardon. We disagree that such fact-finding is necessary in the instant case, as there are no circumstances or evidence showing that there is any question that Groves accepted the pardon. Indeed, had Groves evidenced any intention to reject the protection offered by the pardon, he would have contested the circuit court's dismissal and he certainly would not have filed a brief in this appeal opposing the Commonwealth's arguments for reversal. Furthermore, he would not have moved the circuit court to quash the indictment on the basis of that pardon or prosecuted an appeal from the denial of his motion.

### 3. JURISDICTION

█ For its last argument, the Commonwealth raises the issue of subject-matter jurisdiction. It asserts that the circuit court lacked jurisdiction to dispose of the misdemeanor charges filed against Groves, as the district court (not the circuit court) has exclusive jurisdiction over such charges pursuant to KRS 24A.110. The Commonwealth relies upon the Supreme Court's opinion in *Commonwealth v. Adkins*[12] to support this proposition: "KRS 24A.110(2) provides that the district court has exclusive jurisdiction over final disposition of misdemeanors, except when the charge is joined with an indictment for a felony." In this case, the grand jury did not charge Groves with having committed any felony offenses.

In response, Groves argues that the special grand jury was under the supervision of the circuit court and would therefore maintain jurisdiction over the charges presented to it, and that it was in the discretion of the circuit court to either retain jurisdiction or remand the matter to the district court. Groves also points out that the Commonwealth is barred from raising this issue on appeal, as it was not previously raised before the lower court and is therefore unpreserved.

█ Initially, we note that Groves' preservation argument is not well-taken, as the issue before the Court on this issue relates to subject-matter jurisdiction. "Defects in subject-matter jurisdiction may be raised by the parties or the court at any time and cannot be waived. . . . Specifically, subject-matter jurisdiction may be raised for the first time on appeal."[13]

---

**10.** *Id.* at 362.

**11.** *Id.*

**12.** 29 S.W.3d 793, 794 (Ky.2000).

**13.** *Privett v. Clendenin,* 52 S.W.3d 530, 532 (Ky.2001).

We agree with the Commonwealth that the circuit court did not have jurisdiction over this case. As the indictment contained only misdemeanor charges, the district court's jurisdiction would necessarily be exclusive.[14] While a remand to the district court will needlessly prolong this case, we must vacate the circuit court's order as it was without jurisdiction to act.

### 4. MOTION TO QUASH

Finally, we shall only briefly address Groves' appeal from the denial of his motion to quash and strike the indictment from the record. We note that in its supplemental brief, the Commonwealth asserts that such a filing is not permissible under RCr 8.12, as that rule prohibits such a pleading from being filed in a criminal action. However, in light of our vacating the circuit court's order, we leave this issue to be decided by the district court upon remand.

For the foregoing reasons, the order of the Franklin Circuit Court is vacated, and this matter is remanded to the Franklin District Court for further proceedings.

ALL CONCUR.

---

**14.** KRS 24A.110.