**COMMONWEALTH of Kentucky,**
**Appellant**

v.

**David HILL, Appellee.**

**No. 2006–CA–000708–MR.**

Court of Appeals of Kentucky.

June 8, 2007.

Gregory D. Stumbo, Attorney General, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for Appellant.

Justin D. Durstock, Covington, KY, for Appellee.

Before DIXON, MOORE, and TAYLOR, Judges.

---

*OPINION*

DIXON, Judge.

The Commonwealth of Kentucky appeals an order of Kenton Circuit Court dismissing one count of a four count indictment against David Hill. We vacate and remand.

Hill and a co-defendant were indicted by a Kenton Circuit Court Grand Jury on December 16, 2005. Hill was charged in Count I with second offense trafficking in marijuana less than eight ounces and in Count II with possession of a handgun by a convicted felon. Hill's co-defendant was charged in Count III with possession of a controlled substance. The case was set for trial on March 15, 2006. However, on March 9, the Commonwealth moved for a continuance because the investigating police officer could not attend trial. On March 10, before the court ruled on the motion to continue, the Grand Jury handed down an additional charge against Hill in Count IV with being a second degree persistent felony offender (PFO).

On March 15, the court granted the Commonwealth's requested continuance and scheduled a status conference for March 21. At the status conference, the court addressed the new PFO charge:

Defense: I guess we are looking for a formal trial date.

Court: We'll waive formal arraignment on Count IV, the second degree persistent felony offender. We'll allow reservations for other motions that might otherwise be made. We'll order reciprocal discovery as it relates to this. Is that the reason for the continuance?

Prosecutor: No, your honor, the . . .

Court: [Interrupting] The original trial date predated this, which I think is grossly unfair.

Prosecutor: Yes, sir. The original trial date . . . originally, we requested the continuance because the officer was unavailable—he was out of town. And the office chose to bring a PFO indictment.

Court: I'll entertain any motions the Commonwealth or defense wish to make on that.

Defense: Judge, I would move to dismiss this PFO indictment.

Court: Motion sustained. Do you want me to set a trial date?

Prosecutor: Your honor, we would object to . . .

Court: [Interrupting] It's too late. It's grossly unfair. It's a gross misuse. The case was set for trial. There was no indication of PFO indictment. You moved to continue, then you indict him for PFO.

\* \* \*

Court: For purposes of the record, the motion to dismiss is not in the nature of a summary judgment or any other type of action. It is for the misuse of process, for purposes of the record.

An order was entered March 22 dismissing Count IV of the indictment and scheduling the remaining charges for trial on May 25, 2006. The Commonwealth filed a timely notice of appeal from the court's order of dismissal. The Commonwealth also sought, and was denied, emergency relief from this Court to prevent Hill's trial from taking place on May 25.[1]

■ On appeal, the Commonwealth contends the trial court erroneously dismissed the PFO charge. In contrast, Hill argues

---

1. *Commonwealth v. Jaeger,* 2006–CA–001056–OA (May 24, 2006).

the Commonwealth's claim of error is unpreserved and alternatively argues the claim is moot and a violation of due process.[2]

■■■ The Commonwealth correctly asserts that Kentucky Rules of Criminal Procedure (RCr) 9.64 vests only the prosecution with the authority to dismiss an indictment. However, in *Commonwealth v. Baker*, 11 S.W.3d 585 (Ky.App.2000), a panel of this Court recognized the inherent authority of a trial court to dismiss an indictment when prosecutorial misconduct taints grand jury proceedings. *Id.* at 589. The *Baker* Court summarized the proof required to dismiss an indictment: "Generally, a defendant must demonstrate a flagrant abuse of the grand jury process that resulted in both actual prejudice and deprived the grand jury of autonomous and unbiased judgment." *Id.* at 588, *citing Bank of Nova Scotia v. United States,* 487 U.S. 250, 257–60, 108 S.Ct. 2369, 2374–76, 101 L.Ed.2d 228 (1988). While there are no allegations of grand jury impropriety in the case *sub judice,* we find the reasoning of *Baker* instructive.

After reviewing the hearing in this case, it appears the court implicitly found Hill would be prejudiced if required to proceed with the PFO charge and essentially invited Hill to request a dismissal.

However, other than the trial judge's assertions of "gross misuse," the record offers no evidence that the prosecutor asked for a continuance in bad faith or otherwise engaged in misconduct. Furthermore, we quote *Price v. Commonwealth,* 666 S.W.2d 749, 750 (Ky.1984), regarding a defendant's notice of an additional PFO indictment:

We interpret the PFO statute as requiring that if the Commonwealth seeks enhancement by proof of PFO status, the defendant is entitled to notice of this before the trial of the underlying substantive offense. A separate indictment meets this requirement just as does a separate count in the indictment charging the substantive offense to which it refers.

The real issue in this case is whether Price was substantially prejudiced by the Commonwealth's procedure of separately indicting him for first-degree robbery and as a first-degree PFO. Given the fact that Price was arraigned on the PFO charge nearly one full month before he proceeded to trial, we do not conclude that he was in any way deprived of notice of or an opportunity to defend against the charge. As stated in *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962):

> (D)ue process does not require advance notice that the trial on the substantive offense will be followed by an habitual criminal proceeding. (Citation omitted).
>
> Nevertheless, a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense. 368 U.S. at 452, 82 S.Ct. at 503.

If Price did need more time to adequately prepare his defense to the PFO charge in this case, he could have requested a continuance for this purpose. The record reflects that Price did not challenge the Commonwealth's evidence on the PFO charge.

2. We will not further address Hill's opposing arguments, as they are unpersuasive and without merit.

**18**

In this case, we recognize the trial court's displeasure with the prosecutor for postponing trial and then bringing an additional charge against Hill. However, the very nature of a PFO charge "involve[s] the status of the offender and the length of the punishment, not a separate or independent criminal offense." *White v. Commonwealth*, 770 S.W.2d 222, 224 (Ky.1989). Likewise, because a PFO charge is a status offense, a defendant can be subject to retrial without violating the constitutional provisions against double jeopardy. *Id.* Consequently, we must reverse the order of Kenton Circuit Court dismissing the PFO charge against Hill. We do not find any evidence of prosecutorial misconduct in the record before us, and we will not otherwise speculate as to the rationale of the trial court. Furthermore, we find the delay in bringing the PFO charge did not actually prejudice Hill's defense. When the court arraigned Hill on the PFO charge, there was no trial date set for any of the charges. Hill would have had the opportunity to ask for a trial date which allowed adequate time to prepare a defense to the PFO charge. *See Price, supra,* at 750.

For the reasons stated herein, the order of Kenton Circuit Court is vacated and remanded for further proceedings consistent with this opinion.

ALL CONCUR.