COMMONWEALTH of Kentucky,
Appellant

v.

Carlos Martinez GONZALEZ,
Appellees.

No. 2006–CA–000851–DG.

Court of Appeals of Kentucky.

Oct. 5, 2007.

Gregory D. Stumbo, Attorney General of Kentucky, Frankfort, KY, David A. Sexton, Special Assistant Attorney General, Louisville, KY, for appellant.

No Brief Filed for appellee.

Before NICKELL, STUMBO, and THOMPSON, Judges.

*OPINION*

NICKELL, Judge.

We have granted discretionary review to the Commonwealth to review an opinion and order of the Jefferson Circuit Court entered March 27, 2006. That opinion affirmed the Jefferson District Court's dismissal without prejudice of multiple charges stemming from a traffic stop. The charges were dismissed because a police officer did not attend two pretrial conferences despite subpoenas being issued for his attendance. For the reasons set forth below, we reverse, remand, and direct reinstatement of all charges.

The facts are not disputed. On May 28, 2005, Louisville Metro Police Department Officer Ronald Reyna (hereinafter "Officer Reyna") observed Carlos Martinez Gonzalez[1] (hereinafter "Gonzalez") driving erratically on the Outer Loop in Jefferson County, Kentucky. When Officer Reyna stopped the car he smelled a strong odor of alcoholic beverages about Gonzalez and observed two coolers containing beer in the car as well as an open alcoholic beverage container. Gonzalez failed two field sobriety tests and admitted consuming alcohol prior to driving his vehicle that day. Gonzalez was arrested and charged with driving under the influence (DUI);[2] reckless driving;[3] operating a motor vehicle without wearing a seatbelt;[4] and operating a motor vehicle without required insurance coverage.[5] Gonzalez posted bond and was released.

On June 1, 2005, the case was redocketed at the request of the defense. The first of three pretrial conferences was then set for July 6, 2005. Having been subpoenaed to appear, Officer Reyna was present when the case was called on July 6 but Gonzalez was not. Defense counsel said Gonzalez was absent because he could not get off from work.

A second pretrial conference was scheduled for August 24, 2005. On July 7, 2005, a subpoena directing Officer Reyna to appear at the August 24, 2005, pretrial conference was issued. A copy of the subpoena, signed by Officer Reyna, appears in the record with a stamp indicating it was received on July 9, 2005. It is followed in the record by a document styled "Louisville Metro Police Department Court Continuance Request" dated July 25, 2005. That document bears a handwritten notation from Officer Reyna stating he was "called back to active duty w/US Army for 1 year." It also says Officer Reyna will be "available for court" on Tuesday, October 4, 2005, and lists a phone number for him. Printed directions on the form stated that it was to be completed and returned "to court office no later than 3 business days prior to the court date."

The pretrial conference set for August 24, 2005, proceeded without Officer Reyna. Defense counsel stated to the court that Officer Reyna was on active military duty and for the record moved to dismiss the charges. Rather than dismiss the charges, the district court continued the case and scheduled a third pretrial conference for November 7, 2005. A subpoena was issued for Officer Reyna to appear at the third pretrial conference, however the record does not show the subpoena was ever served.

On November 7, 2005, when Officer Reyna was not in the courtroom, defense counsel again moved the district court to dismiss all four charges solely because the arresting officer was not there. The court asked whether Officer Reyna had made any attempt to communicate with the court to which the prosecutor responded, "No ma'am, not to my knowledge." The prosecutor went on to explain that Officer Reyna had missed the August pretrial conference because he was on active military

---

**1.** Gonzalez was represented by private counsel in the district court proceedings. No pleadings were filed on his behalf in the circuit court. After conferring with his son and his attorney, Gonzalez chose not to file a brief in this Court to avoid incurring additional legal fees. While not actively representing *Gonzalez, counsel is monitoring the case for* him. Pursuant to an order of this Court dated May 8, 2007, Gonzalez is listed as appearing *pro se.*

**2.** Kentucky Revised Statutes (KRS) 189A.010.

**3.** KRS 189.290.

**4.** KRS 189.125.

**5.** KRS 304.39–080.

duty and while he did not know Officer Reyna's current status, a phone message left for the officer had not been returned. When asked whether the officer had attended any of the scheduled events in the case, the prosecutor stated Officer Reyna had been at the first pretrial conference on July 6, 2005. While expressing reluctance to dismiss a DUI charge, the district court granted the defense motion to dismiss the case without prejudice. Citing the "lengthy history"[6] of the case, the trial court dismissed all the charges saying, "the officer has to make some effort, I mean some." In dismissing the case the district court made no written findings.

The Commonwealth timely appealed the dismissal to the Jefferson Circuit Court arguing: (1) under Kentucky Rule of Criminal Procedure (RCr) 9.64 the district court lacked authority to dismiss the charges without the Commonwealth's consent; (2) the district court erroneously dismissed the charges solely because Officer Reyna did not attend two pretrial conferences; (3) the charges were dismissed without any showing that the arresting officer would not appear for trial if a trial date was set; (4) in dismissing the charges the district court usurped authority vested solely in the executive branch; (5) dismissing the case just because Officer Reyna was absent from a pretrial conference was contrary to Jefferson District Court Local Rule 10 which requires courts to reduce excessive court appearances, especially by law enforcement officers; and (6) swift dismissal of the case against Gonzalez was unnecessary since his rights had not been jeopardized, he had not moved for a speedy trial, and he had no right to interview or depose the arresting officer. In its opinion affirming the dismissal, the circuit court first found the issue was un-

preserved because the prosecutor did not specifically object to the dismissal. The circuit court went on to conclude the district court did not commit clear error because "[w]hen it is apparent to the trial judge that the prosecution is not ready for trial, it is within the trial court's discretion to dismiss the case for failure to prosecute." Finally, the circuit court noted the Commonwealth could file charges anew against Gonzalez since the one year time frame mentioned in KRS 500.050(2) had not expired.

Thereafter, the Commonwealth petitioned this Court for discretionary review of the circuit court opinion and order. We granted review on July 28, 2006. For the reasons set forth below, we now reverse, remand, and direct that all charges against Gonzalez be reinstated.

■ We comment first on whether this matter is preserved for review. The circuit court concluded the issue was not preserved because the prosecutor did not voice a specific objection to the district court's decision to dismiss the charges without prejudice. However, RCr 9.22 does not require formal exceptions to court rulings; a response is sufficient if it apprises the court of the action desired. After listening to the November 7, 2005, hearing we are convinced the trial court knew or should have known the assistant county attorney opposed dismissal of the charges since in responding to defense counsel's motion, he reminded the court that Officer Reyna had appeared at the first pretrial conference and was absent from the second pretrial hearing only because he was on active military duty. The assistant county attorney's statements to the trial court clearly indicated he did not acquiesce in defense counsel's motion and

---

**6.** Gonzalez was arrested on May 28, 2005. The charges were dismissed on November 11, 2005. According to the record, the only ac-
tivity in the case was the three pretrial conferences.

opposed dismissal of the charges against Gonzalez. Thus, the matter is adequately preserved for review and we need not engage in palpable error review under RCr 10.26 as requested in the alternative by the Commonwealth.

■ Therefore, the sole issue in this case is whether a district court may dismiss criminal charges without the Commonwealth's consent. Citing RCr 9.64 and *Commonwealth v. Isham,* 98 S.W.3d 59 (Ky.2003), the Commonwealth's strongest argument for reversal is that the trial court overstepped its authority in granting the defense motion to dismiss. As this issue is strictly a matter of law, we review the circuit court's ruling *de novo. Commonwealth v. Groves,* 209 S.W.3d 492, 495 (Ky.App.2006).

RCr 9.64 states:

The attorney for the Commonwealth, with the permission of the court, may dismiss the indictment, information, complaint or uniform citation prior to the swearing of the jury or, in a nonjury case, prior to the swearing of the first witness.

In *Isham, supra* at 62, our Supreme Court confirmed that "the authority to dismiss a criminal complaint before trial may only be exercised by the Commonwealth, and the trial court may only dismiss via a directed verdict following a trial." Here, the Commonwealth neither requested nor consented to dismissal of the charges against Gonzalez. The dismissal resulted from a defense request based solely on the arresting officer's absence from two pretrial conferences while he was on active military duty. The words of our Supreme Court in *Isham* are applicable to the case *sub judice:*

Only the Commonwealth had the ability, with the permission of the trial court, to dismiss the complaint against [Gonzalez]. However, the Commonwealth never sought a dismissal of the complaint.

The district court simply lacked the authority to dismiss the complaint prior to trial. Consequently, such dismissal was an abuse of discretion on the part of the district judge.

*Id.* Since the trial court overstepped its authority and abused its discretion we must reverse and remand to the Jefferson Circuit Court with directions that the Jefferson District Court be ordered to reinstate the charges against Gonzalez.

While we reverse for noncompliance with RCr 9.64, we do not lay all of responsibility on the court. First, the prosecutor never argued the Commonwealth had to agree to a dismissal. Had he done so, perhaps the district court would have reevaluated the defense motion before dismissing the case without prejudice. Second, the district court dismissed the charges on the mistaken belief that Officer Reyna had made no attempt to communicate with the court. The prosecutor could have avoided this error by bringing to the court's attention the "court continuance request" submitted by Officer Reyna in late July 2005. This document explained Officer Reyna had been called to active military duty for one year but also stated he would be available for court on October 4, 2005. Upon the filing of the court continuance request, the prosecutor could have asked that a pretrial conference, or trial, be scheduled for Tuesday, October 4, 2005, when Officer Reyna would have been available. Another option for the Commonwealth would have been deposing Officer Reyna on that date to preserve the arresting officer's testimony for trial at a later date. Thus, the prosecutor could have taken steps to avoid dismissal of the case.

Further, we are compelled to comment upon inaccuracies in the circuit court opinion. While it correctly states the case against Gonzalez was scheduled for a *pretrial conference* on August 24, 2005, and again on November 7, 2005, the opinion

ultimately affirms the dismissal without prejudice as a proper exercise of discretion where the district court was convinced the government was unprepared for *trial* and the government had failed to prosecute the case. We take issue with both of these statements in the context of this case.

First, while this matter was set for a pretrial conference on three separate occasions, it was never set for trial. We see a vast difference between setting a trial date and scheduling a pretrial conference.

Second, because no trial date was ever scheduled, it would have been premature for the district court to dismiss the charges against Gonzalez solely on the assumption the government was unprepared to go forward with trial. *Isham, supra; Commonwealth v. Hamilton,* 905 S.W.2d 83, 84 (Ky.App.1995). This is especially true under the facts at bar since the Commonwealth was never asked if it was ready to proceed to trial. It is the Commonwealth's job to prosecute the case as it sees fit and that may or may not include the presentation of all available evidence. *Commonwealth v. Hicks,* 869 S.W.2d 35, 37 (Ky.1994). By evaluating and dismissing the case before trial, the district court improperly assumed the function of the executive branch in violation of the separation of powers act. *Flynt v. Commonwealth,* 105 S.W.3d 415 (Ky.2003).

Third, there was no factual basis for the district court to conclude the government had failed to or intended to do anything but aggressively prosecute the case. The county attorney's office had been involved in the case throughout its pendency. Furthermore, discussion of the government's failure to prosecute a case generally becomes an issue only when a defendant has filed a speedy trial motion. *See Hoskins v. Maricle,* 150 S.W.3d 1, 13 (Ky.2004). However, no speedy trial motion was filed in this case. Moreover, while the district court referenced the "lengthy history" of the case, the record shows the charges were dismissed barely six months after Gonzalez was charged.

We appreciate the high volume of cases routinely handled in district court and we are mindful of the court's need to manage what is often an unwieldy caseload and dockets peppered with missing witnesses. However, the trial court must manage its docket while adhering to the local and state rules of court. That did not happen in this case. The district court abused its discretion and therefore we must reverse.

Finally, we note that trial courts are not without options in managing their dockets. This opinion should not in any way be construed as saying a court cannot manage its own docket. For example, in this case, the trial court could have set a trial date and if the Commonwealth was unprepared to go forward or did not prove its case the court, consistent with *Isham,* could have granted a directed verdict in favor of Gonzalez. Alternatively, the trial court could have given the Commonwealth a brief period of time in which to file a status report and if appropriate, move to dismiss the charges in conformity with RCr 9.64.

For the foregoing reasons, the opinion of the Jefferson Circuit Court is reversed and remanded with directions that the Jefferson District Court be ordered to reinstate all charges against Gonzalez.

ALL CONCUR.