**Earl E. BUCKLER, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

NO. 2015–CA–000511–MR

Court of Appeals of Kentucky.

JUNE 17, 2016; 10:00 A.M.

Briefs for Appellant: Paul E. Craft, Matthew A. Wisecup, Greenup, Kentucky

Brief for Appellee: Jack Conway, Attorney General of Kentucky, Christian K.R. Miller, Assistant Attorney General, Frankfort, Kentucky

BEFORE: DIXON, NICKELL, AND VANMETER, JUDGES.

*OPINION*

VANMETER, JUDGE:

Sodomy in the third degree prohibits, among other things, subjecting incarcerated individuals to deviate sexual intercourse. KRS[1] 510.090(1)(e). The issue we must decide in this case is whether the Carter Circuit Court erred in overruling Earl Buckler's pretrial motion to dismiss

indictment on the grounds that as a deputy sheriff with the Carter County Sheriff's Department transporting prisoners to and from a detention facility to the justice center, the terms of the statute did not apply to him. We hold that the trial court did not err, and therefore affirm the trial court's judgment.

## I. Factual and Procedural Background.

As noted, Buckler was a Carter County deputy sheriff. Following an investigation by the Kentucky State Police, Buckler was indicted for two counts of Sodomy in the Third Degree for subjecting two female prisoners, on separate occasions, to perform oral sex on him. According to information in the record, one incident occurred when he was transporting the prisoner from the Carter County Justice Center back to the Carter County Detention Center from her court appearance. The other incident occurred in the elevator in the Carter County Justice Center.

Following exchange of discovery, and prior to setting a trial date, Buckler filed a motion to dismiss. The basis of the motion was Buckler's argument that because he was a deputy sheriff, he was not "a jailer, or an employee, contractor, vendor, or volunteer of the Department of Corrections, ... or a detention facility as defined in KRS 520.010, or of an entity under contract with either department or a detention facility for the custody, supervision ... of offenders[.]" KRS 510.090(1)(e). Therefore, he could not be guilty of the offenses charged. The trial court denied the motion. Buckler subsequently entered a conditional guilty plea to one count, reserving his right to appeal the trial court's ruling. This appeal follows.

---

1. Kentucky Revised Statutes.

## II. Issues on Appeal.

 As he did before the trial court, Buckler argues that the statute does not apply to him. We agree, however, with the Commonwealth that the trial court was not authorized to grant the motion.

 The Kentucky Supreme Court has noted the strictures placed on trial courts which are asked to summarily dismiss indictments:

> [A] trial judge has no authority to weigh the sufficiency of the evidence prior to trial or to summarily dismiss indictments in criminal cases. *Commonwealth v. Hayden*, 489 S.W.2d 513, 516 (Ky.1972); *Barth v. Commonwealth*, 80 S.W.3d 390, 404 (Ky.2001); *Flynt v. Commonwealth*, 105 S.W.3d 415, 425 (Ky.2003). However, there are certain circumstances where trial judges are permitted to dismiss criminal indictments in the pre-trial stage. These include the unconstitutionality of the criminal statute, *Hayden*, 489 S.W.2d at 514–515; prosecutorial misconduct that prejudices the defendant, *Commonwealth v. Hill*, 228 S.W.3d 15, 17 (Ky.App.2007); a defect in the grand jury proceeding, *Partin v. Commonwealth*, 168 S.W.3d 23, 30–31 (Ky.2005); an insufficiency on the face of the indictment, *Thomas v. Commonwealth*, 931 S.W.2d 446 (Ky. 1996); or a lack of jurisdiction by the court itself, RCr 8.18.

*Commonwealth v. Bishop*, 245 S.W.3d 733, 735 (Ky.2008). None of the circumstances described in *Bishop* apply to this case.[2] The proper time for an evaluation of the sufficiency of the evidence is following the conclusion of the Commonwealth's proof by means of a motion for a directed verdict. *Commonwealth v. Isham*, 98 S.W.3d 59, 62 (Ky.2003). As a result, the trial court did not err by denying Buckler's motion to dismiss the indictment.

The Carter Circuit Court's judgment is affirmed.

ALL CONCUR.

---

**2.** The one *Bishop* exception that might seem to apply, insufficiency on the face of the indictment, does not apply based on the language included in the indictment. The indictment states, for each charge under KRS 510.090, "that the above named Defendant committed the offense of Sodomy, third degree **while employed as Court security and transport officer[.]**" (emphasis added). While the Commonwealth may or may not have been able to prove at trial that Buckler was employed as a Court security and transport officer at the time of these incidents, the indictment, on its face, is sufficient for the charge of Sodomy, third degree pursuant to KRS 510.090(1)(e). In effect, Buckler was requesting the trial court to weigh the sufficiency of the evidence.