RENDERED:  SEPTEMBER 2, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1563-DG

COMMONWEALTH OF KENTUCKY                                    APPELLANT

v.                          ON DISCRETIONARY REVIEW
                        FROM CAMPBELL CIRCUIT COURT
                     HONORABLE DANIEL J. ZALLA, JUDGE
                        ACTION NO. 20-XX-00002

WENDY FILLHARDT                                             APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  This Court granted the motion of the Commonwealth of

Kentucky for discretionary review of the Campbell Circuit Court's order affirming

dismissal of the criminal charge against Appellee, Wendy Fillhardt.  After careful

review, we reverse and remand to the district court for further proceedings.

On August 24, 2019, dispatch notified Officer Billy Linkugel of a

report that a possible intoxicated driver struck and ran over a road sign.  The

officer located the vehicle and initiated a traffic stop. The driver, Fillhardt, told Officer Linkugel she drank six beers that night and had, in fact, run over the road sign. Officer Linkugel knew Fillhardt because her husband was a fellow police officer. The officer called Fillhardt's husband who soon arrived on the scene. Officer Linkugel decided to let Fillhardt's husband drive her home, but Fillhardt refused to go with her husband. She claimed she had a drinking problem and needed to learn a lesson. Fillhardt stated she would rather go to jail than leave with her husband.

Officer Linkugel let Fillhardt and her husband talk privately. Then, Fillhardt's husband told his fellow officer to arrest her. At this point Fillhardt left her vehicle, visibly upset, and expressed how embarrassed she was. She said she did not want Officer Linkugel to cut her a break, but Linkugel did. He asked Fillhardt if she would like to call her aunt for a ride but Fillhardt declined. Ultimately, he arrested her on the charge of alcohol intoxication. He did this despite noticing Fillhardt's speech was slurred, and her vehicle was damaged. Because the officer did not charge Fillhardt with operating a motor vehicle while under the influence of alcohol, he never administered a field-sobriety test, nor did he conduct a breath or blood test to determine Fillhardt's blood alcohol content.

The Commonwealth reviewed the evidence including the officer's body camera footage and charged Fillhardt with first-offense operating a motor

vehicle under the influence (DUI) pursuant to KRS[1] 189A.010.  On December 13, 2019, Fillhardt made two oral motions in district court.  First, she moved to suppress several statements she made during her encounter with Officer Linkugel.  Second, she moved to dismiss the DUI charge on grounds the Commonwealth had insufficient evidence to prosecute the DUI charge.[2]  The district court bifurcated the two motions, hearing the motion to dismiss first.

According to both parties, they agreed to "pre-try" the case in the hearing on Fillhardt's motion to dismiss.  The parties' intention in doing so was to determine any further issues that would need to be fleshed out before trial.  In its brief, the Commonwealth states:  "The parties agreed that the District Court could make a decision on the motion to dismiss based on whether there was sufficient evidence to move forward with prosecution."  (Appellant's Brief, p. 3.)  The record indicates the Commonwealth agreed the district court could express its view regarding the sufficiency of the evidence and welcomed that advice; however, there is nothing to suggest the Commonwealth consented to a dismissal of charges.

The Commonwealth put on its case, calling Officer Linkugel to testify and producing video evidence of the traffic stop.  The judge did not believe this

---

[1] Kentucky Revised Statutes.

[2] Fillhardt also moved to dismiss based on lack of probable cause to initiate the traffic stop, but the district court never ruled on this motion.

evidence would be sufficient to sustain the DUI charge and overcome a directed verdict at trial. Consequently, the district court dismissed the DUI charge, and the circuit court found jeopardy attached after the district court weighed the evidence. The Commonwealth now appeals.

We need not address whether the Commonwealth produced sufficient evidence to overcome a directed verdict because a directed verdict motion, and its standard, are only applicable during jury trials. CR[3] 50.01; *Brown v. Shelton*, 156 S.W.3d 319, 320 (Ky. App. 2004) (citing *Morrison v. Trailmobile Trailers, Inc.*, 526 S.W.2d 822 (Ky. 1975)) ("a directed verdict is clearly improper in an action tried by the court without a jury"). There was no jury trial; the district court erred by weighing the evidence and, on that basis, granting a directed verdict.

There is only one question for this Court to review: Did the district court properly dismiss the criminal charge contrary to the Commonwealth's desire to proceed? This issue is strictly one of law; accordingly, we review the district court's ruling *de novo*. *Commonwealth v. Groves*, 209 S.W.3d 492, 495 (Ky. App. 2006). Having reviewed our jurisprudence, however, it is clear the district court lacked authority to grant a motion to dismiss the charge, prior to trial, without the Commonwealth's consent.

---

[3] Kentucky Rules of Civil Procedure.

In *Commonwealth v. Isham*, the Kentucky Supreme Court, relying on RCr[4] 9.64, stated: "the authority to dismiss a criminal complaint before trial may only be exercised by the Commonwealth, and the trial court may only dismiss via a directed verdict following a trial." 98 S.W.3d 59, 62 (Ky. 2003). RCr 9.64, in full, states: "The attorney for the Commonwealth, with the permission of the court, may dismiss the indictment, information, complaint or uniform citation prior to the swearing of the jury or, in a non-jury case, prior to the swearing of the first witness."

Applying the rule, the Kentucky Supreme Court has "consistently held that a trial judge has no authority to weigh the sufficiency of the evidence prior to trial or to summarily dismiss indictments in criminal cases." *Commonwealth v. Bishop*, 245 S.W.3d 733, 735 (Ky. 2008) (citing *Commonwealth v. Hayden*, 489 S.W.2d 513, 516 (Ky. 1972); *Barth v. Commonwealth*, 80 S.W.3d 390, 404 (Ky. 2001); *Flynt v. Commonwealth*, 105 S.W.3d 415, 425 (Ky. 2003)). Unless logic is abandoned completely, the rule applies regardless of how charges, felony or misdemeanor, are brought. *Hoskins v. Maricle*, 150 S.W.3d 1, 17 (Ky. 2004) (quoting *Rice v. Commonwealth*, 288 S.W.2d 635, 637 (Ky. 1956) (discussing various charging documents)).

---

[4] Kentucky Rules of Criminal Procedure.

Based on this rule as interpreted by the Supreme Court, now-Justice VanMeter concluded in *Buckler v. Commonwealth* that "[t]he proper time for an evaluation of the sufficiency of the evidence is following the conclusion of the Commonwealth's proof by means of a motion for a directed verdict." 515 S.W.3d 670, 672 (Ky. App. 2016) (citing *Isham*, 98 S.W.3d at 62). And yet, pre-trial motions continue to be brought in criminal cases to dismiss for lack of sufficient evidence of probable cause.[5]

In *Isham*, an employee and employer got into a verbal altercation during which the employee stated, "if he . . . were to receive a warning letter for missing work that he would have his lawyer come here to work and fire on

---

[5] There are limited procedural, constitutional, and administrative circumstances in which a court may properly dismiss an indictment. *See Bishop*, 245 S.W.3d at 735 (citing *Hayden*, 489 S.W.2d at 514-15 (circuit court properly dismissed indictment where the underlying statute is unconstitutional); *Commonwealth v. Hill*, 228 S.W.3d 15, 17 (Ky. App. 2007) (circuit court properly dismissed indictment where prosecutorial misconduct prejudiced the defendant); *Partin v. Commonwealth*, 168 S.W.3d 23, 30-31 (Ky. 2005) (circuit court properly dismissed indictment where there existed a defect in the grand jury proceeding); RCr 8.18(1)(b) ("court may hear a claim that the indictment or information fails to invoke the court's jurisdiction . . ."); *see also Alexander v. Commonwealth*, 556 S.W.3d 6, 8 (Ky. App. 2018) (internal citations and footnote omitted) ("It is axiomatic that absent extraordinary circumstances, a trial court may not dismiss an indictment prior to trial except with consent of the Commonwealth."). None of these circumstances applies in this case. Dismissals for these reasons do not result from weighing evidence but by the exercise of the court's supervisory powers. *Potter v. Eli Lilly and Co.*, 926 S.W.2d 449, 453-54 (Ky. 1996), *abrogated on other grounds by Hoskins v. Maricle*, 150 S.W.3d 1 (Ky. 2004) (Courts are vested with "certain implied powers . . . to manage [their] own affairs so as to achieve the orderly and expeditious, accurate and truthful disposition of causes and cases. . . . All such authority must be exercised with great caution even though it is necessarily incidental to the function of all courts."). As explained in *McCue v. Commonwealth*, No. 2021-CA-0948-MR, ___ S.W.3d ___ (Ky. App. Sep. 2, 2022) (rendered with the instant case), a court's exercise of its inherent supervisory powers does not violate the separation of powers doctrine, unlike the court's weighing of evidence before proceeding to trial.

-6-

[everyone] who works here." 98 S.W.3d at 60. The employer filed a criminal complaint, and a charge of terroristic threatening was brought against the employee. *Id.* at 60-61. The employee moved to dismiss the charges against him, and the court did so, agreeing that his statements could not be construed as a terroristic threat. *Id.* at 61. The Kentucky Supreme Court reversed the dismissal, citing RCr 9.64 as the only potential authority for dismissing the criminal complaint against Isham. *Id.* at 62. As the Supreme Court interprets RCr 9.64, the Commonwealth must consent to any dismissal before the jury trial. 98 S.W.3d at 62.

In *Buckler*, a grand jury indicted Buckler, a Carter County deputy sheriff, on two counts of sodomy in the third degree, pursuant to KRS 510.090(1)(e), for forcing two female prisoners to perform oral sex on him. *Buckler*, 515 S.W.3d at 671. Buckler challenged the charges brought against him with a motion to dismiss, arguing KRS 510.090(1)(e) could not apply to him as he did not fall into the defined actors who could violate the statute. *Id.* This Court concluded, summarily, that the circuit court did not have the power to grant the motion to dismiss and did not err by declining to do so. *Id.* at 672.

Accordingly, we must determine whether the Commonwealth consented to dismissal of the DUI charge. We conclude consent was not given.

In this case, the district court believed the Commonwealth could not prove the DUI charge without a field-sobriety test or a breath or blood test to determine Fillhardt's blood alcohol content. This general scenario compares with *Isham*, in which the district court dismissed the criminal charge because it did not believe the statements constituted the crime charged. *Isham*, 98 S.W.3d at 61. However, we must reiterate: "It is premature for the trial court to weigh the evidence prior to trial to determine if the Commonwealth can or will meet [its] burden." *Id.* at 62 (quoting *Commonwealth v. Hamilton*, 905 S.W.2d 83, 84 (Ky. App. 1995)); *see also Buckler*, 515 S.W.3d at 672 (citing *Isham*, 98 S.W.3d at 62) ("The proper time for an evaluation of the sufficiency of the evidence is following the conclusion of the Commonwealth's proof by means of a motion for a directed verdict.").

This case does differ slightly from *Isham* and *Buckler* in that the Commonwealth agreed to allow the district court's "pre-try" of the case to assess whether it could survive a directed verdict motion if one were made at the proper time. Nothing similar occurred in *Isham* or *Buckler*. However, consent to such an advisory assessment does not, in the opinion of this Court, amount to consent to dismiss the criminal charge under RCr 9.64.

The Kentucky Supreme Court in *Isham* stated a judge only has the power to dismiss criminal charges if the Commonwealth expressly agrees to this

dismissal.  *Isham*, 98 S.W.3d at 62.  The key phrase in *Isham* applicable to this case is this:  "[T]he Commonwealth never sought a dismissal of the complaint." *Id*.  Except for the circumstance outlined in *Isham* under RCr 9.64, and the non-merit-based exceptions listed in *Bishop*, the district court is powerless to dismiss criminal charges in the absence of the Commonwealth's consent to dismissal.  *Id.* Thus, like the district court in *Isham*, which "simply lacked the authority to dismiss the complaint prior to trial[,]" 98 S.W.3d at 62, here, the district court similarly lacked authority to dismiss the criminal charges against Fillhardt.

We will not opine on the wisdom of "pre-trying" a case to test evidence other than to say, in this case, it seems to have been a waste of judicial resources.  Besides, *Isham* already clearly tells bench and bar that it is "not the province of a trial judge to evaluate evidence in advance in order to decide whether a trial should be held." *Id.* (citing *Commonwealth v. Hicks*, 869 S.W.2d 35, 37 (Ky. 1994), *overruled on other grounds by Keeling v. Commonwealth*, 381 S.W.3d 248, 254 (Ky. 2012)).  Otherwise, a separation of powers issue arises, for it is not within the judiciary's authority to exercise the executive function assigned to the prosecutors to bring criminal charges.  *McCue v. Commonwealth*, No. 2021-CA-0948-MR, ___ S.W.3d ___ (Ky. App. Sep. 2, 2022); *see also Flynt*, 105 S.W.3d at 424 (quoting *Bradshaw v. Ball*, 487 S.W.2d 294, 299 (Ky. 1972)) ("It is manifest

that the prosecution of crime is an executive function and that 'the duty of the executive department is to enforce the criminal laws.'").

Accordingly, we reverse the Campbell Circuit Court order affirming and remand this case to the Campbell District Court for further proceedings.

ALL CONCUR.

BRIEF FOR APPELLANT:

Steven Dasenbrock
Michelle Eviston
Newport, Kentucky

BRIEF FOR APPELLEE:

Dawn M. Gentry
John Hayden
Newport, Kentucky